IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| HERSEL R. BRADLEY,<br><br>　　　　　　　Plaintiff,<br><br>　vs.<br><br>LINCOLN POLICE DEPARTMENT, Lancaster; BENJAMIN MILLER, Sgt, Officer;  PFLANZ, Officer - Investigator; and  TRAN, Officer,<br><br>　　　　　　　Defendants. | 4:20CV3134<br><br><br>**MEMORANDUM AND ORDER** |

　　　Plaintiff, Hersel R. Bradley ("Bradley"), a state prisoner, filed his pro se Complaint (Filing 1) on November 12, 2020, and has been granted leave to proceed in forma pauperis ("IFP"). Now that Bradley has paid the required initial partial filing fee, the court conducts an initial review of his Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e)(2) and 1915A.

I. LEGAL STANDARDS ON INITIAL REVIEW

　　　The Prison Litigation Reform Act ("PLRA") requires the court to conduct an initial review of "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). On such initial review, the court must "dismiss the complaint, or any portion of the complaint," it determines "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). Comparable language is contained in 28 U.S.C. § 1915(e)(2)(B) (applicable to IFP plaintiffs).

　　　"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v.*

*JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). Plaintiffs must set forth enough factual allegations to "nudge[ ] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"A pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted). This means that "if the essence of an allegation is discernible, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Stone v. Harry,* 364 F.3d 912, 915 (8th Cir. 2004). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980).

## II. SUMMARY OF COMPLAINT

Bradley alleges that on February 7, 2019, three Lincoln police officers entered his hotel room without a warrant and seized $8,800.00 in cash and 8,000.00 worth of clothing. Bradley alleges Officer Miller obtained a room key from the hotel desk clerk by falsely claiming he had a search warrant. Bradley alleges the cash is in the possession of the Lincoln Police Department. Bradley claims the officers violated his rights under the Fourth and Fourteenth Amendments to the United States Constitution, and he seeks to recover $16,800.00 in damages.

## III. DISCUSSION

Liberally construing Bradley's Complaint, this is a civil rights action brought under 42 U.S.C. § 1983. To state a claim under § 1983, a plaintiff must allege a

violation of rights protected by the United States Constitution or created by federal statute, and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

The Fourth Amendment guarantees that the "right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. amend. IV. "Searches conducted outside the judicial process, without prior approval by judge or magistrate, are per se unreasonable under the Fourth Amendment—subject only to a few specifically established and well-delineated exceptions." *United States v. Vore,* 743 F.3d 1175, 1179 (8th Cir. 2014) (quoting *Katz v. United States,* 389 U.S. 347, 357 (1967)).

In the Eighth Circuit, a plaintiff has the burden of proof in a § 1983 action claiming a Fourth Amendment violation for a warrantless search. *Der v. Connolly*, 666 F.3d 1120, 1127 (8th Cir. 2012). However, the defendant has the burden of producing evidence that an exception to the warrant requirement applies.

> As the Seventh Circuit explained, "[e]ven if a presumption of unreasonableness arises from the fact of a warrantless search [or entry], that does not serve in a civil case to shift 'the burden of proof in the sense of the risk of nonpersuasion.'" *Valance* [*v. Wisel,* 110 F.3d 1269, 1279 (7th Cir. 1997)] (quoting Fed. R. Evid. 301). Instead, such "presumption merely serves to impose on the defendant 'the burden of going forward with evidence to meet or rebut the presumption.'" *Id.* (quoting Fed. R. Evid. 301). A defendant may satisfy this burden of production by "produc[ing] evidence of consent or of some other recognized exception to the warrant requirement." *Id.* at 1278. "Yet once the defendant has done so, 'the ultimate risk of nonpersuasion must remain squarely on the plaintiff in accordance with established principles governing civil trials.'" *Id.* (quoting *Ruggiero* [*v. Krzeminski,* 928 F.2d 558, 563 (2d Cir. 1991))].

*Id.*, at 1128. "A plaintiff claiming that her Fourth Amendment rights were violated by a warrantless [search or] entry need not plead facts affirmatively showing the absence of any exception to the warrant requirement, because the absence of such

3

an exception is not a part of the plaintiff's prima facie case." *Payne v. Galie*, 574 F. App'x 26, 27 (2d Cir. 2014) (citing *Ruggiero*, 928 F.2d at 563).

Here, Bradley alleges his hotel room was searched, and his personal property was seized, without a warrant. The facts stated in the Complaint do not show than an exception to the warrant requirement applies. A plausible Fourth Amendment violation is therefore alleged.

Bradley also claims there was a due process violation under the Fourteenth Amendment, but the facts alleged in the Complaint fail to disclose such a violation. "Where a particular Amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing these claims." *Albright v. Oliver,* 510 U.S. 266, 273 (1994) (plurality opinion of Rehnquist, C.J.) (quoting *Graham v. Connor, supra,* at 490 U.S. 386, 395 (1989) (internal quotation marks omitted)). Any alleged misconduct by Defendants related to the search and seizure must be analyzed under the Fourth Amendment.

Bradley's Complaint references a criminal case, No. CR19-140, in which charges were brought against him in the District Court of Lancaster County. The court takes judicial notice[1] that Bradley pled no contest to an amended information and was sentenced to prison on October 9, 2020. An appeal does not appear to have been filed, nor does Bradley appear to have filed a motion with the District Court of Lancaster County for the return of his seized property. *See* Neb. Rev. Stat. § 29-818 ("[P]roperty seized under a search warrant or validly seized without a warrant shall be safely kept by the officer seizing the same, … and shall be so kept so long as necessary for the purpose of being produced as evidence in any trial…. [T]he court in which such [criminal] complaint was filed shall have exclusive jurisdiction for disposition of the property or funds and to determine rights therein, including questions respecting the title, possession, control, and disposition thereof.").

---

[1] The court may take judicial notice of judicial opinions and public records and include them in its consideration of a case. *Stutzka v. McCarville*, 420 F.3d 757, 761 n.2 (8th Cir. 2005). Nebraska's judicial records may be retrieved online through the JUSTICE website, https://www.nebraska.gov/justice.

It is reasonable to infer from the allegations of Bradley's Complaint that the officers who are named as Defendants were acting under color of state law when they allegedly violated his constitutional rights. However, because Bradley does not specify that the officers are sued in their individual capacities, it must be assumed they are named as Defendants in their official capacities only.

"A plaintiff may assert § 1983 claims against a public official acting in his individual capacity and in his official capacity. For many reasons, including exposure to individual damage liability and the State's Eleventh Amendment immunity, these are different causes of action." *Baker v. Chisom*, 501 F.3d 920, 923 (8th Cir. 2007). "Because section 1983 liability exposes public servants to civil liability and damages, [the Eighth Circuit] ha[s] held that only an express statement that they are being sued in their individual capacity will suffice to give proper notice to the defendants. Absent such an express statement, the suit is construed as being against the defendants in their official capacity. A suit against a public employee in his or her official capacity is merely a suit against the public employer." *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999) (citations omitted).

In effect, therefore, any § 1983 claim alleged in Bradley's Complaint is being brought only against the City of Lincoln. While Bradley also names the Lincoln Police Department as a Defendant, it is not a suable entity under Nebraska law. *See Jones v. Carter*, No. 8:20CV62, 2020 WL 5203456, at *3 (D. Neb. Sept. 1, 2020) (dismissing § 1983 claim against Lincoln Police Department); *see also Ketchum v. City of W. Memphis, Ark.*, 974 F.2d 81, 82 (8th Cir. 1992) (city police department and paramedic services "are not juridical entities suable as such.... [t]hey are simply departments or subdivisions of the City government").

To prevail on a claim effectively alleged against the City of Lincoln, Bradley must show that the constitutional violation resulted from (1) an official "policy," (2) an unofficial "custom," or (3) a deliberately indifferent failure to train or supervise. *Corwin v. City of Independence*, 829 F.3d 695, 699 (8th Cir. 2016). "Official policy involves 'a deliberate choice to follow a course of action ... made from among various alternatives' by an official who has the final authority to establish governmental policy." *Jane Doe A By & Through Jane Doe B v. Special Sch. Dist.*

5

*of St. Louis Cty.*, 901 F.2d 642, 645 (8th Cir. 1990) (quoting *Pembaur v. City of Cincinnati*, 475 U.S. 469, 483 (1986)). "[A] plaintiff may establish municipal liability through an unofficial custom of the municipality by demonstrating '(1) the existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees; (2) deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct; and (3) that plaintiff was injured by acts pursuant to the governmental entity's custom, *i.e.*, that the custom was a moving force behind the constitutional violation.'" *Malone v. Hinman*, 847 F.3d 949, 955 (8th Cir. 2017) (quoting *Corwin*, 829 F.3d at 699-700). A municipal liability claim based on a theory of inadequate training or supervision is simply an extension of a claim based on a "policy" or "custom" theory of municipal liability. *Marsh v. Phelps Cty.*, 902 F.3d 745, 751 (8th Cir. 2018).

The allegations of Bradley's Complaint fail to show that any actions were taken pursuant to a policy or custom of the City of Lincoln. "Although [a plaintiff] need not set forth with specificity the existence of an unconstitutional policy or custom at the pleading stage, he must nonetheless present some allegations, references, events, or facts from ... which the court could begin to draw an inference that the conduct complained of ... resulted from an unconstitutional policy or custom of the [City] or a deliberate choice by a decision-maker with final authority." *Cotton v. Douglas Cty. Dep't of Corr.*, No. 8:16CV153, 2016 WL 5816993, at *6 (D. Neb. Oct. 5, 2016).

## IV. CONCLUSION

Bradley's Complaint fails to state a claim upon which relief may be granted against any Defendant, and thus is subject to preservice dismissal under 28 U.S.C. §§ 1915(e)(2) and 1915A. However, the court on its own motion will give Bradley 30 days in which to file an amended complaint that states a plausible claim for relief. Otherwise, this action will be dismissed. If an amended complaint is filed, the court will conduct another initial review to determine whether the action may proceed to service of process or whether it should be dismissed.

IT IS THEREFORE ORDERED:

1. Plaintiff shall have 30 days to file an amended complaint in accordance with this Memorandum and Order. Failure to file an amended complaint within the time specified by the court will result in the court dismissing this case without further notice to Plaintiff.

2. In the event Plaintiff files an amended complaint, Plaintiff shall restate the allegations of the Complaint (Filing 1) and any new allegations. Failure to consolidate all claims into one document may result in the abandonment of claims. Plaintiff is warned that an amended complaint will supersede, not supplement, his prior pleadings.

3. The court reserves the right to conduct further review of Plaintiff's claims in the event he files an amended complaint.

4. The Clerk of the Court is directed to set a pro se case management deadline using the following text: **April 1, 2021—amended complaint due.**

5. Plaintiff shall keep the court informed of his current address at all times while this case is pending. Failure to do so may result in dismissal without further notice.

Dated this 2nd day of March, 2021.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge

7