IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| HERSEL R. BRADLEY, | **4:20CV3134** |
| Plaintiff, | |
| vs. | **MEMORANDUM AND ORDER** |
| LINCOLN POLICE DEPARTMENT, (Lancaster); BENJAMIN MILLER, Sgt. Officer; PFLANZ, Officer Investigator; and TRAN, Officer, | |
| Defendants. | |

Plaintiff, Hersel R. Bradley ("Bradley"), a state prisoner, filed his pro se Complaint (Filing 1) on November 12, 2020, and has been granted leave to proceed in forma pauperis ("IFP"). The court determined on initial review that Bradley's Complaint failed to state a claim upon which relief may be granted because only official-capacity claims were alleged, and Bradley did not claim that a municipal policy or custom caused his alleged injury. However, the court *sua sponte* granted Bradley leave to amend. See Memorandum and Order entered on March 2, 2021 (Filing 9). Bradley timely filed an Amended Complaint on March 29, 2021 (Filing 10), which the court will now review pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A to determine whether this case may proceed to service of process.

## I. LEGAL STANDARDS ON INITIAL REVIEW

The Prison Litigation Reform Act ("PLRA") requires the court to conduct an initial review of "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). On such initial review, the court must "dismiss the complaint, or any portion of the complaint," it determines "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a

defendant who is immune from such relief." 28 U.S.C. § 1915A(b). Comparable language is contained in 28 U.S.C. § 1915(e)(2)(B) (applicable to IFP plaintiffs).

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). Plaintiffs must set forth enough factual allegations to "nudge[ ] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"A pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted). This means that "if the essence of an allegation is discernible, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Stone v. Harry,* 364 F.3d 912, 915 (8th Cir. 2004). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980).

## II. SUMMARY OF AMENDED COMPLAINT

Bradley alleges that on February 7, 2019, three Lincoln police officers entered his hotel room without a warrant and seized $8,800.00 in cash and $8,000.00 worth of clothing. Bradley alleges Sergeant Benjamin Miller obtained a room key from the hotel desk clerk by falsely claiming he had a search warrant, which was not actually issued until the following day. Bradley alleges the police officers took pictures of

these seized items, but they claim not to have the cash or clothing.[1] Bradley claims the officers violated his rights under the Fourth and Fourteenth Amendments to the United States Constitution, and he seeks the return of the seized property.

## III. DISCUSSION

Liberally construing Bradley's Amended Complaint, this is a civil rights action brought under 42 U.S.C. § 1983. To state a claim under § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute, and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

The Fourth Amendment guarantees that the "right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. amend. IV. "Searches conducted outside the judicial process, without prior approval by judge or magistrate, are per se unreasonable under the Fourth Amendment—subject only to a few specifically established and well-delineated exceptions." *United States v. Vore,* 743 F.3d 1175, 1179 (8th Cir. 2014) (quoting *Katz v. United States,* 389 U.S. 347, 357 (1967)).

In the Eighth Circuit, a plaintiff has the burden of proof in a § 1983 action claiming a Fourth Amendment violation for a warrantless search. *Der v. Connolly*, 666 F.3d 1120, 1127 (8th Cir. 2012). However, the defendant has the burden of producing evidence that an exception to the warrant requirement applies.

> As the Seventh Circuit explained, "[e]ven if a presumption of unreasonableness arises from the fact of a warrantless search [or entry], that does not serve in a civil case to shift 'the burden of proof in the sense of the risk of nonpersuasion.'" *Valance* [*v. Wisel,* 110 F.3d 1269, 1279 (7th Cir. 1997)] (quoting Fed. R. Evid. 301). Instead, such "presumption merely serves to impose on the defendant 'the burden of

---

[1] The court does not construe this allegation as claiming that the officers personally misappropriated the cash and clothing, but, rather, as claiming that the property was misplaced or improperly disposed of after being booked into evidence.

going forward with evidence to meet or rebut the presumption.'" *Id.* (quoting Fed. R. Evid. 301). A defendant may satisfy this burden of production by "produc[ing] evidence of consent or of some other recognized exception to the warrant requirement." *Id.* at 1278. "Yet once the defendant has done so, 'the ultimate risk of nonpersuasion must remain squarely on the plaintiff in accordance with established principles governing civil trials.'" *Id.* (quoting *Ruggiero* [*v. Krzeminski,* 928 F.2d 558, 563 (2d Cir. 1991))].

*Id.*, at 1128. "A plaintiff claiming that her Fourth Amendment rights were violated by a warrantless [search or] entry need not plead facts affirmatively showing the absence of any exception to the warrant requirement, because the absence of such an exception is not a part of the plaintiff's prima facie case." *Payne v. Galie*, 574 F. App'x 26, 27 (2d Cir. 2014) (citing *Ruggiero*, 928 F.2d at 563).

Here, Bradley alleges his hotel room was searched, and his personal property was seized, without a warrant. The facts stated in the Amended Complaint do not show than an exception to the warrant requirement applies. A plausible Fourth Amendment violation is therefore alleged against the officers who were involved in the search and seizure.

Bradley also claims Defendants violated his rights under the Fourteenth Amendment, but any alleged police misconduct associated with the February 7, 2019 search and seizure can only be analyzed under the Fourth Amendment. "Where a particular Amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing these claims." *Albright v. Oliver,* 510 U.S. 266, 273 (1994) (plurality opinion of Rehnquist, C.J.) (quoting *Graham v. Connor, supra,* at 490 U.S. 386, 395 (1989) (internal quotation marks omitted)).

Nor does Bradley allege a plausible Fourteenth Amendment claim for Defendants' failure to return the seized property. *See Hudson v. Palmer*, 468 U.S. 517, 533 (1984) ("[A]n unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation

remedy for the loss is available. For intentional, as for negligent deprivations of property by state employees, the state's action is not complete until and unless it provides or refuses to provide a suitable postdeprivation remedy."); *see also Williams v. Campbell*, 25 F. App'x 477, 479 (8th Cir. 2001) (prison officials' failure to return property seized during search of plaintiff's cell did not violate his Fourteenth Amendment rights).

Bradley's original Complaint references a criminal case, No. CR19-140, in which charges were brought against him in the District Court of Lancaster County. The court takes judicial notice[2] that Bradley pled no contest to an amended information and was sentenced to prison on October 9, 2020. An appeal does not appear to have been filed, nor does Bradley appear to have filed a motion with the District Court of Lancaster County for the return of his seized property. *See* Neb. Rev. Stat. § 29-818 ("[P]roperty seized under a search warrant or validly seized without a warrant shall be safely kept by the officer seizing the same, … and shall be so kept so long as necessary for the purpose of being produced as evidence in any trial…. [T]he court in which such [criminal] complaint was filed shall have exclusive jurisdiction for disposition of the property or funds and to determine rights therein, including questions respecting the title, possession, control, and disposition thereof."). Thus, Bradley's request for the return of seized property is beyond the scope of this § 1983 action. He is limited to seeking an award of damages for the alleged violation of his Fourth Amendment rights.

It is reasonable to infer from the allegations of Bradley's Amended Complaint that the officers who are named as Defendants were acting under color of state law when they allegedly violated his constitutional rights. Unlike the original Complaint, Bradley now specify that the officers are sued both personally and in their official capacities. The title in the caption to the Amended Complaint also lists the Lincoln Police Department as a defendant, but it is not a suable entity under Nebraska law. *See Jones v. Carter*, No. 8:20CV62, 2020 WL 5203456, at *3 (D. Neb. Sept. 1, 2020)

---

[2] The court may take judicial notice of judicial opinions and public records and include them in its consideration of a case. *Stutzka v. McCarville*, 420 F.3d 757, 761 n.2 (8th Cir. 2005). Nebraska's judicial records may be retrieved online through the JUSTICE website, https://www.nebraska.gov/justice.

(dismissing § 1983 claim against Lincoln Police Department); *see also Ketchum v. City of W. Memphis, Ark.*, 974 F.2d 81, 82 (8th Cir. 1992) (city police department and paramedic services "are not juridical entities suable as such.... [t]hey are simply departments or subdivisions of the City government").

To prevail on an official-capacity claim, which, in effect, is alleged against the City of Lincoln, Bradley must show that the constitutional violation resulted from (1) an official "policy," (2) an unofficial "custom," or (3) a deliberately indifferent failure to train or supervise. *Corwin v. City of Independence*, 829 F.3d 695, 699 (8th Cir. 2016). "Official policy involves 'a deliberate choice to follow a course of action ... made from among various alternatives' by an official who has the final authority to establish governmental policy." *Jane Doe A By & Through Jane Doe B v. Special Sch. Dist. of St. Louis Cty.*, 901 F.2d 642, 645 (8th Cir. 1990) (quoting *Pembaur v. City of Cincinnati*, 475 U.S. 469, 483 (1986)). "[A] plaintiff may establish municipal liability through an unofficial custom of the municipality by demonstrating '(1) the existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees; (2) deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct; and (3) that plaintiff was injured by acts pursuant to the governmental entity's custom, *i.e.*, that the custom was a moving force behind the constitutional violation.'" *Malone v. Hinman*, 847 F.3d 949, 955 (8th Cir. 2017) (quoting *Corwin*, 829 F.3d at 699-700). A municipal liability claim based on a theory of inadequate training or supervision is simply an extension of a claim based on a "policy" or "custom" theory of municipal liability. *Marsh v. Phelps Cty.*, 902 F.3d 745, 751 (8th Cir. 2018).

The allegations of Bradley's Amended Complaint fail to show that any actions were taken pursuant to a policy or custom of the City of Lincoln. "Although [a plaintiff] need not set forth with specificity the existence of an unconstitutional policy or custom at the pleading stage, he must nonetheless present some allegations, references, events, or facts from ... which the court could begin to draw an inference that the conduct complained of ... resulted from an unconstitutional policy or custom of the [City] or a deliberate choice by a decision-maker with final authority." *Cotton v. Douglas Cty. Dep't of Corr.*, No. 8:16CV153, 2016 WL 5816993, at *6 (D. Neb. Oct. 5, 2016). Because Bradley was previously advised of the pleading requirements

for an official-capacity claim, the court will not *sua sponte* grant Bradley further leave to amend in order to state a claim against the City of Lincoln.

## IV. CONCLUSION

Bradley's Amended Complaint states plausible Fourth Amendment claims against Sergeant Miller, Officer Pflanz, and Investigator Tran in their individual capacities. However, no plausible claims for relief are alleged against these police officers in their official capacities. The police department is not a suable entity. No plausible Fourteenth Amendment claim is stated.

IT IS THEREFORE ORDERED:

1. This case shall proceed to service of process on Fourth Amendment claims alleged against Defendants Miller, Pflanz, and Tran in their individual capacities only.

2. All official-capacity claims are dismissed without prejudice.

3. Any and all claims alleged against the Lincoln Police Department are dismissed without prejudice, and the Department shall not be a party to this action.

4. The Clerk of the Court is directed to complete a summons form and a USM-285 form for each Defendant, in his or her individual capacity, using the following addresses:

   Sgt. Benjamin Miller
   Lincoln Police Department
   575 South 10th Street
   Lincoln, NE 68508

   Officer Pflanz
   Lincoln Police Department
   575 South 10th Street
   Lincoln, NE 68508

Investigator Tran
Lincoln Police Department
575 South 10th Street
Lincoln, NE 68508

5.  The Clerk shall forward the completed forms to the Marshals Service,[3] together with three copies of Plaintiff's Amended Complaint (Filing 10) and this Memorandum and Order, for service upon Defendants by certified mail or any other authorized method. *See* Fed. R. Civ. P. 4(e); Neb. Rev. Stat. § 25-508.01(1).

6.  The United States Marshal shall serve all process in this case without prepayment of fees from Plaintiff.

7.  Federal Rule of Civil Procedure 4(m) requires service of the complaint on a defendant within 90 days of filing the complaint. However, Plaintiff is granted, on the court's own motion, an extension of time until 90 days from the date of this order to complete service of process.

---

[3] Pro se litigants proceeding in forma pauperis are entitled to rely on service by the United States Marshals Service. *Wright v. First Student, Inc.*, 710 F.3d 782, 783 (8th Cir. 2013). Pursuant to 28 U.S.C. § 1915(d), in an in forma pauperis case, "[t]he officers of the court shall issue and serve all process, and perform all duties in such cases." *See Moore v. Jackson*, 123 F.3d 1082, 1085 (8th Cir. 1997) (language in § 1915(d) is compulsory) ); Fed. R. Civ. P. 4(c)(3) (court must order that service be made by United States Marshal if plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915). *See, e.g.*, *Beyer v. Pulaski County Jail*, 589 Fed. App'x 798 (8th Cir. 2014) (unpublished) (vacating district court order of dismissal for failure to prosecute and directing district court to order the Marshal to seek defendant's last-known contact information where plaintiff contended that the jail would have information for defendant's whereabouts); *Graham v. Satkoski*, 51 F.3d 710, 713 (7th Cir. 1995) (when court instructs Marshal to serve papers for prisoner, prisoner need furnish no more than information necessary to identify defendant; Marshal should be able to ascertain defendant's current address).

8.   The Clerk of the Court is directed to set a pro se case management deadline in this case with the following text: "August 9, 2021: Check for completion of service of summons."

9.   Plaintiff shall keep the court informed of his current address at all times while this case is pending. Failure to do so may result in dismissal.

Dated this 10th day of May, 2021.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge