IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| HERSEL R. BRADLEY,<br><br>    Plaintiff,<br><br>vs.<br><br>BENJAMIN MILLER, INVESTIGATOR PFLANZ, and OFFICER TRAN,<br><br>    Defendants. | 4:20CV3134<br><br>**MEMORANDUM AND ORDER** |

    This matter is before the court on Defendants' motion to compel (Filing 24), which was filed on September 30, 2021. Plaintiff has not responded to the motion.

    Defendants state they served Interrogatories and Requests for Production of Documents on Plaintiff by regular mail on August 5, 2021, but Plaintiff has not responded or requested additional time to respond. Plaintiff's responses to the Interrogatories and Requests for Production of Documents were due 30 days after he was served. *See* Fed. R. Civ. P. 33(b)(2) & 34(b)(2)(A). Defendants further state they scheduled a telephone call with Plaintiff at the Omaha Correctional Center on September 20, 2021, but Plaintiff refused to participate in the telephone call. Defendants' counsel also sent a letter to Plaintiff on September 20, 2021, requesting his responses to discovery, but Plaintiff has not responded to this request. Defendants therefore have satisfied the "personal consultation" requirement before filing the motion to compel. *See* NECivR 7.1(j); Fed. R. Civ. P. 37(a)(1).

    A motion to compel a discovery response can be made when "a party fails to answer an interrogatory submitted under Rule 33" of the Federal Rules of Civil Procedure or "fails to produce documents … as requested under Rule 34." Fed. R. Civ. P. 37(a)(3)(B)(iii) & (iv). The court finds Defendants' motion to compel should be granted and, accordingly, will order Plaintiff within 21 days to answer each interrogatory separately and fully in writing under oath, see Fed. R. Civ. P. 33(b)(3), and to produce copies or permit inspection of all requested documents, *see* Fed. R. Civ. P. 34(b)(2).

Because Plaintiff failed to respond to Defendants' Interrogatories in a timely manner and has not made a good cause showing to excuse his failure, he may not object to any interrogatory. *See* Fed. R. Civ. P. 33(b)(4) ("Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure."); *Villalta v. Waller*, No. 8:04CV386, 2005 WL 8176134, at *2 (D. Neb. Oct. 5, 2005) ("This court has consistently held that the failure to timely assert an objection to an interrogatory waives the objection."). Similarly, Plaintiff may not assert objections to the Requests for Production of Documents. *See Gaskell v. Maharishi Ayurveda Arogyadham*, No. 408CV00084RELRAW, 2010 WL 11493773, at *1 (S.D. Iowa Mar. 4, 2010) ("It is widely held that in general a failure to timely object to discovery requests, both interrogatories and requests for production, waives objections.").

**If Plaintiff fails to comply fully with the court's order, sanctions may be imposed under Rule 37(b).**

Because Defendants' discovery has been delayed by Plaintiff's actions, the court on its own motion will extend the deadline for Defendants to file a dispositive motion from November 12, 2021, to December 12, 2021.

IT IS THEREFORE ORDERED:

1. Defendants' motion to compel (Filing 24) is granted, as follows:

    On or before November 12, 2021, Plaintiff shall answer separately and fully in writing under oath each of Defendants' Interrogatories and shall produce copies or permit inspection of all documents that were requested by Defendants' Requests for Production of Documents.

2. On the court's own motion, paragraph 4 of the Order Setting Schedule for Progression of Case (Filing 17) is modified to provide that Defendants shall have until December 12, 2021, to file any dispositive motion.

Dated this 21st day of October 2021.

BY THE COURT:

*Richard G. Kopf*
Richard G. Kopf
Senior United States District Judge