IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| HERSEL R. BRADLEY,<br><br>               Plaintiff,<br><br>vs.<br><br>BENJAMIN MILLER, et al.,<br><br>               Defendants. | 4:20CV3134<br><br><br>**MEMORANDUM<br>AND ORDER** |

      This matter is before the court on Defendants' motion for sanctions (Filing 26). The motion is brought pursuant to Rule 37(b)(2)(A) of the Federal Rules of Civil Procedure, which provides:

> If a party or a party's officer, director, or managing agent—or a witness designated under Rule 30(b)(6) or 31(a)(4)—fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders. They may include the following:
>
> > (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
>
> > (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
>
> > (iii) striking pleadings in whole or in part;
>
> > (iv) staying further proceedings until the order is obeyed;
>
> > (v) dismissing the action or proceeding in whole or in part;
>
> > (vi) rendering a default judgment against the disobedient party; or
>
> > (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(A).

> Instead of or in addition to the orders above, the court *must* order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(b)(2)(C) (emphasis added).

On October 21, 2021, the court entered an order pursuant to Rule 37(a) which directed Plaintiff to respond to outstanding discovery requests, as follows:

> On or before November 12, 2021, Plaintiff shall answer separately and fully in writing under oath each of Defendants' Interrogatories and shall produce copies or permit inspection of all documents that were requested by Defendants' Requests for Production of Documents.

(Filing 25 at 2.) Plaintiff was expressly warned that sanctions could be imposed under Rule 37(b) if he failed to fully comply with the court's order. (*Ibid*.)

Defendants' motion, which was filed on November 18, 2021, states that Defendants have not received Plaintiffs' responses to discovery. (Filing 26 at 2.) Plaintiff has not responded to the pending motion for sanctions.

"A district court has wide latitude in imposing sanctions for failure to comply with discovery." *Aziz v. Wright*, 34 F.3d 587, 589 (8th Cir. 1994). The court must apply Rule 37 sanctions diligently. *Empirical Foods, Inc. v. Primus Builders, Inc.*, No. 8:19CV457, 2021 WL 2322453, at *2 (D. Neb. June 7, 2021) (quoting *Comiskey v. JFTJ Corp.*, 989 F.2d 1007, 1012 (8th Cir. 1993)). "The choice of sanction should be guided by the 'concept of proportionality' between offense and sanction." *Timm Grandview, LLC v. AmGUARD Ins. Co.*, No. 8:20CV197, 2021 WL 3492757, at *6 (D. Neb. Aug. 9, 2021) (quoting *Drummer v. Corizon, LLC*, No. 4:16-CV-01170-AGF, 2019 WL 3803469, at *3 (E.D. Mo. Aug. 13, 2019)).

Defendants request the court "to enter sanctions … including, but not limited to, dismissal of this action with prejudice." (Filing 26 at 2.) "[D]ismissal may be considered as a sanction only if there is: (1) an order compelling discovery; (2) a willful violation of that order; and (3) prejudice to the other party." *Keefer v. Provident Life & Acc. Ins. Co.*, 238 F.3d 937, 940 (8th Cir. 2000) (citing *Schoffstall*

2

*v. Henderson*, 223 F.3d 818, 823 (8th Cir. 2000)). The court must determine whether the sanction imposed is just and specifically related to the claim at issue. *Id.* (citing *Baker v. General Motors Corp.*, 86 F.3d 811, 817 (8th Cir. 1996), *rev'd on other grounds*, 522 U.S. 222 (1998)). The court must also consider whether a lesser sanction than dismissal is available or appropriate, but it is not required to impose the least onerous sanction. *Id.*

Here, Plaintiff has willfully violated the court's order compelling discovery, which he is presumed to have received inasmuch as the court's mailing to his last-know address was not returned as undeliverable. The order was entered after defense counsel was advised by the Litigation Contact at the Omaha Correctional Center that Plaintiff refused to participate in a scheduled telephone call on September 20, 2021, to discuss his lack of response to Defendants' discovery requests. Plaintiff also failed to respond to a follow-up letter from Defendants' counsel.

However, Defendants have not demonstrated that they have been sufficiently prejudiced by Plaintiff's failure to respond to their Interrogatories and Requests for Production to warrant dismissal with prejudice at this time. If Plaintiff's refusal to participate in discovery continues, though, the court will be compelled to dismiss the case with prejudice. Thus, the court will enter a stay order and will give Plaintiff one last opportunity to respond to Defendants' discovery requests. If Plaintiff does not take advantage of that opportunity, the case will be dismissed with prejudice.

IT IS ORDERED that Defendants' motion for sanctions (Filing 26) is granted, as follows:

1. All proceedings in this matter are stayed until Plaintiff complies with the court's order of October 21, 2021. If the stay is lifted, a new deadline for Defendants to file dispositive motions will be set. The pretrial conference scheduled for February 17, 2022, is cancelled. The pretrial conference will be rescheduled as necessary.

2. Plaintiff shall have 30 days to file a signed certificate of service with the court, stating the date and method by which he has served Defendants with responses to their Interrogatories and Requests for Production. If Plaintiff does not file a certificate of service within the prescribed time, this matter will be dismissed with prejudice and without further notice to Plaintiff.

3. Defendants shall have 21 days to submit an itemized application for reimbursement by Plaintiff of reasonable attorney's fees associated with the motion for sanctions. Plaintiff shall have 14 days to object.

4. The Clerk of the Court shall set a pro se case management deadline using the following text: **January 7, 2022**—Plaintiff's certificate of service due.

Dated this 8th day of December 2021.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge